**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA MENDOZA, an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio corporation,<br><br>Defendant. | Case No.: 2:23-cv-1382-DMG-JPR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Gabriela Mendoza ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues The Procter & Gamble Company ("Defendant" or "P&G") and, upon information and belief and investigation of counsel, alleges as follows:

## I.   INTRODUCTION

1.     Defendant makes, distributes, sells, and markets a line of cough and cold treatment products under the brand name "Vicks Vapo." The products at issue include Children's VapoRub, Children's VapoPatch, and Children's VapoCream (the "Products").

2.     Defendant distributes two separate versions of the Vapo products: one advertised for adults, and one advertised for children. The Vapo products advertised for children ("Children's Products") are named "Children's" and contain illustrations of various objects, including a cat, butterfly, sun, stars, moon, paper airplane, clouds, and flowers. The Children's VapoPatch product  also contains an image of a cartoon-like sleeping child. The Children's VapoRub product explicitly states that the Product is "For children 2 years+".

3.     The front labels of the Vapo products marketed for adults ("Adult's products") do not have the word "Children," do not contain any images or drawings, and do not provide an age range.

4.     These representations lead reasonable consumers to believe that the Vapo products advertised for children are more suitable for children and the Vapo products advertised for adults are more suitable for adults. Based on this reasonable belief, consumers are willing to pay more for the Children's products. Reasonable consumers are willing to pay more for the Children's Vapo products because they want products that are specifically formulated for children and are guaranteed to be safe for children to consume.

5.     The truth, however, is that the Children's Vapo products have the same formula and ingredients as the Adult's Vapo products.

6.      The rear labels of both the Children's and Adult's VapoCream products state that the products are "For ages 2 years and up." The rear labels of both the Children's and Adult's VapoPatch products state that the products are "For adults and children over 6 years of age under adult supervision." The rear labels of both the Children's and Adult's VapoRub products state that the products are for "adults and children 2 years and over."

7.      Defendant puts the same cough and cold treatment into two different products with different labels. Consumers are being deceived and overcharged.

8.      Plaintiff read and relied upon Defendant's advertising when purchasing the Products and was damaged as a result.

9.      Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and False Advertising Law, *id.* §§ 17500 *et seq.* ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

10.     Plaintiff seeks an order compelling Defendant to (a) cease marketing the Products using the misleading and unlawful tactics complained of herein, (b) destroy all misleading, deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive damages, as allowed by law

## II.   <u>JURISDICTION AND VENUE</u>

11.     This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

12.     The court has personal jurisdiction over Defendant. Defendant purposely availed itself to California because Defendant transacts, is registered to do business, and does business within this judicial district, and is committing the acts complained of below within this judicial district.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury in this case substantially occurred in this District. Defendant has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of the Products in this District, and is subject to personal jurisdiction in this District.

### III.  **PARTIES**

14.     Defendant The Procter & Gamble Company is an Ohio corporation with its principal place of business at One Procter & Gamble Plaza Cincinnati, Ohio 45202. Defendant is registered to do business in California as entity number 137950. Defendant makes, labels, distributes, sells, and markets the Vapo products throughout the United States and in California. Defendant is responsible for the making, labelling, distribution, selling, and marketing of the Vapo products throughout the class period.

15.     Plaintiff Gabriela Mendoza ("Plaintiff") is a resident of Monterey Park, California and has purchased the Children's VapoRub and VapoPatch Products for personal and household use and not for resale several times throughout the Class Period in CVS and Walmart stores in California. Plaintiff's most recent purchase of the VapoRub Product was in or around early 2023 at a CVS store located at 313 S Garfield Ave., Monterey Park, California 91754. Plaintiff saw the misrepresentations made on the Products' labels prior to and at the time of purchase and understood them as representations and warranties that the Products marketed for children were specially formulated for children, safe for children to consume, or otherwise uniquely suitable for children. Plaintiff relied on the representations made on the Products' labels in deciding to purchase the Products. These representations

FIRST AMENDED CLASS ACTION COMPLAINT

and warranties were part of her basis of the bargain, in that she would not have purchased the Products, or would only have been willing to purchase the Products at a lower price, had she known the representations were false. Plaintiff would consider purchasing the Products again if the advertising statements made on the Products' labels were, in fact, truthful and represented in a manner as not to deceive consumers.

## IV.   NATURE OF THE ACTION

### A. Defendant Makes, Markets, Distributes, and Sells Vicks Vapo Products

16. "Revenue in the Cold & Cough Remedies segment amounts to US\$41.94bn in 2023. The market is expected to grow annually by 6.10% (CAGR 2023-2027). In global comparison, most revenue is generated in the United States (US\$10,820.00m in 2023)." [1]

17. According to vicks.com, Vicks VapoRub is "the #1-selling branded children's cold/flu treatment product" based in part on data reported by Nielsen.[2] According to the LA Times, "[m]ore than 1 million gallons of VapoRub are sold worldwide each year" and [n]early 4 out of 5 Americans have used the product at one time…"[3]

18. Vicks Vapo products are available for purchase in many of the top drug stores and department stores in the United States, including but not limited to CVS, Walgreens, Rite Aid, Target, and Walmart.

19. Defendant distributes various Children's Vapo products marketed for children and Vapo products that are marketed for adults.

### Vicks VapoRub

20. The VapoRub product marketed for children is labeled "children's,"

---

[1] https://www.statista.com/outlook/cmo/otc-pharmaceuticals/cold-cough-remedies/worldwide

[2] https://vicks.com/en-us/safety-and-faqs/faqs/vicks-vaporub-faq

[3] https://www.latimes.com/archives/la-xpm-1990-12-25-fi-7151-story.html

"For children 2 years +" and contains illustrations of various objects, including a cat, butterflies, sun, stars, airplane, paper airplane, clouds, and flowers.  The front label of the VapoRub product marketed for adults does not have the word "Children," has no drawing or illustration, and does not specify an age range for appropriate users.

21.    True and correct copies of the front label of the Children's VapoRub and Adult's VapoRub product as shown on vicks.com are shown below:

 

22.    A true and correct copy of the ingredient list for the Children's VapoRub product is shown below:

//
//
//
//
//
//
//
//
//

6

VapoRub™ Children's

## Drug Facts

| Active ingredients | Purpose |
|---|---|
| Camphor (synthetic) 4.8% | Cough suppressant & topical analgesic |
| Eucalyptus oil 1.2% | Cough suppressant |
| Menthol 2.6% | Cough suppressant & topical analgesic |

**Uses**

- when applied to chest and throat, temporarily relieves cough due to minor throat and bronchial irritation associated with the common cold
- when applied to muscles and joints, temporarily relieves minor aches and pains of muscles and joints

**Warnings**

**For external use only;** avoid contact with eyes.

**Do not use**   • by mouth   • in nostrils   • on wounds or damaged skin   • with tight bandages

**Ask a doctor before use if you have**
- cough that occurs with too much phlegm (mucus)
- persistent or chronic cough such as occurs with smoking, asthma or emphysema

**When using this product, do not**   • heat   • microwave
- add to hot water or any container where heating water.
May cause splattering and result in burns.

**Stop use and ask a doctor if**
- muscle aches and pains worsen or persist for more than 7 days or clear up and occur again within a few days.
- cough persists for more than 1 week, tends to recur, or is accompanied by fever, rash, or persistent headache. A persistent cough may be a sign of a serious condition.

**If pregnant or breast-feeding,** ask a health professional before use.
**Keep out of reach of children.** If swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
- **see important warnings under "When using this product"**

- adults and children 2 years and over:
- for cough suppression
- rub a thick layer on throat & chest
- cover with a warm, dry cloth if desired
- keep clothing loose about throat and chest to help vapors reach the nose and mouth
- use up to three times daily or as directed by doctor
- for muscle / joint minor aches and pains apply to affected area not more than 3 to 4 times daily
- children under 2 years: do not use

**Other information**   • store at room temperature

**Inactive ingredients** cedarleaf oil, nutmeg oil, petrolatum, thymol, turpentine oil

**Questions?** 1-800-873-8276

**Made in Mexico**

//
//
//

7

23.   A true and correct copy of the ingredient list for the adult's VapoRub is shown below:

**Drug Facts**

| **Active ingredients** | **Purpose** |
| --- | --- |
| Camphor (synthetic) 4.8%... | Cough suppressant & topical analgesic |
| Eucalyptus oil 1.2%............................................ | Cough suppressant |
| Menthol 2.6%..................... | Cough suppressant & topical analgesic |

**Uses**
- when applied to chest and throat, temporarily relieves cough due to minor throat and bronchial irritation associated with the common cold
- when applied to muscles and joints, temporarily relieves minor aches and pains of muscles and joints

**Warnings**
For external use only; avoid contact with eyes.

Do not use
- by mouth
- in nostrils
- on wounds or damaged skin
- with tight bandages

Ask a doctor before use if you have
- cough that occurs with too much phlegm (mucus)
- persistent or chronic cough such as occurs with smoking, asthma or emphysema

When using this product, do not
- heat
- microwave
- add to hot water or any container where heating water. May cause splattering and result in burns.

Stop use and ask a doctor if
- muscle aches and pains worsen or persist for more than 7 days or clear up and occur again within a few days.
- cough persists for more than 1 week, tends to recur, or is accompanied by fever, rash, or persistent headache. A persistent cough may be a sign of a serious condition.

If pregnant or breast-feeding, ask a health professional before use. Keep out of reach of children. If swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
see important warnings under "When using this product"
- adults and children 2 years and over:
- for cough suppression
- rub a thick layer on throat & chest
- cover with a warm, dry cloth if desired
- keep clothing loose about throat and chest to help vapors reach the nose and mouth
- use up to three times daily or as directed by doctor
- for muscle / joint minor aches and pains apply to affected area not more than 3 to 4 times daily
- children under 2 years: do not use

**Other information**
- store at room temperature

**Inactive ingredients** cedarleaf oil, nutmeg oil, petrolatum, thymol, turpentine oil

**Questions?** 1-800-873-8276
www.vicks.com

FIRST AMENDED CLASS ACTION COMPLAINT

24. As shown above, both the Children's and the Adult's VapoRub products contain the same amount of the same active ingredients: Camphor 4.7%, Eucalyptus oil 1.2%, and Menthol 2.6%.

25. Both the Children's and the Adult's VapoRub products also contain the following inactive ingredients: "Cedarleaf oil, nutmeg oil, petrolatum, thymol, and turpentine oil."

26. The rear labels of both the Children's and Adult's VapoRub products state that the VapoRub products are for "adults and children 2 years and over." The rear labels of the Children's and Adult's VapoRub products also provide the same directions for use for both children and adults.

**Vicks VapoPatch**

27. True and correct copies of the front label of the Children's VapoPatch and Adult's VapoPatch product as shown on vicks.com are shown below:




FIRST AMENDED CLASS ACTION COMPLAINT

28.    As shown above, the VapoPatch product marketed for children is labeled "children's," contains illustrations of various objects, including a butterfly, moon, shooting star, airplane, and flower, and contains an image of a cartoon-like child asleep while wearing a VapoPatch.  The VapoRub product marketed for adults does not have the word "Children" anywhere on the front label and contains an image of an adult wearing a VapoPatch.

29.    A true and correct copy of the ingredient list for the Children's VapoPatch product as shown on vicks.com is shown below:



10

30.     A true and correct copy of the ingredient list for the adult's VapoPatch product as shown on Vicks.com is shown below:



31.     As shown above, both the children's and the adult's VapoPatch products contain the same ingredients:  "Zea Mays (Corn) Starch, Alcohol, PVP, Menthol, Eucalyptus Globulus Leaf Oil, Camphor, Myristica Fragrans (Nutmeg) Kernel Oil, Thuja Occidentalis Leaf Oil, Sodium Potassium Aluminum Silicate,

11

Thymol, Denatonium Benzoate.”

32.     The rear label of the Children's VapoPatch product contains illustrations of various objects, including a butterfly, paper airplane, flowers, and stars.

33.     The rear label of both the Children's and Adult's VapoPatch products state that the VapoPatch products are "For adults and children over 6 years of age under adult supervision." The rear labels of the Children's and Adult's VapoPatch products also provide identical directions for use for both children and adults.

### Vicks VapoCream

34.     True and correct copies of the front label of the Children's VapoCream and Adult's VapoCream product as shown on vicks.com are shown below:



12

35. As shown above, the front label of the Children's VapoCream product states that it is a "children's" product and contains illustrations of various objects, including an airplane, butterfly, flowers, stars, paper airplane, and clouds. The Adult's VapoCream product does not have the word "Children" anywhere on the front label and does not contain illustrations of various objects.

36. A true and correct copy of the ingredient list for the Children's VapoCream product as shown on Vicks.com is shown below:



FIRST AMENDED CLASS ACTION COMPLAINT

37.    A true and correct copy of the ingredient list for the adult's VapoCream product as shown on Vicks.com is shown below:



38.    As shown above, both the Children's and the Adult's VapoCream products contain the same ingredients:   "Water, Glycerin, Fragrance, Cetyl Palmitate, Cetyl Alcohol, Stearyl Alcohol, Isopropyl Isostearate, Carbomer, Benzyl

Alcohol, Stearic Acid, PEG-100 Stearate, Sodium Hydroxide, Methylparaben, Titanium Dioxide, Disodium Edta Dihydrate, Propylparaben, Ethylparaben."

39.     The rear labels of both the Children's and Adult's VapoCream products state that the VapoCream products are "For ages 2 years and up." The rear labels of both the Children's and Adult's VapoCream products provide identical directions for use for both children and adults.

40.     Both the Children's and the Adult's Vapo products contain identical or substantially similar active and inactive ingredients. In other words, both the Children's and Adult's Vapo products are identical or substantially similar in form and quantity.

**B.  The Vapo Product Labels are Misleading to Reasonable Consumers**

41.     Based on the different marketing and labeling on the front of the adult's Vapo products and the labeling on the front of the Children's Vapo products, reasonable consumers believe that there is something different about the adult's Vapo products and the Children's Vapo products that makes the Children's Products better suited or more appropriate for children.

42.     However, the Children's Vapo Products are simply the Adult's Vapo products sold at a higher price. Defendant fails to disclose the true nature of the Products.

43.     Defendant's misrepresentations and omissions are misleading because the Children's Products are pharmacologically identical to the Adult's Products.

44.     Due to Defendant's misrepresentations and omissions, consumers are compelled to purchase both the Children's and Adult's products based on the belief that the Children's Products are more suitable or uniquely suitable for children and the Adult's products are more suitable for adults.

45.     The Children's products also cost more than the Adult's products.

46.     Per ounce, the Children's VapoRub product costs approximately $1.03 more than the Adult VapoRub product. For example, Walgreens sells a 1.76 oz.

15

container of the Children's VapoRub product for $7.79, or $4.43/oz.[4] Walgreens also sells a 1.76 oz. container of the Adult's VapoRub product for $5.99, or $3.40/oz.[5]

47.    Per patch, the Children's VapoPatch product costs at least $0.70 more than the Adult VapoPatch product. For example, Walmart sells a 5-ct. Children's VapoPatch product for $13.68 or $2.74 each.[6] Walmart also sells a 5-ct. Adult's VapoPatch product for $9.96, or $1.99 each.[7] Amazon sells a 5-ct. Children's VapoPatch product for $14.12 regularly, or $12.00 on sale.[8] Amazon also sells a 5-ct. Adult's VapoPatch product for $10.49 regularly, or $9.99 on sale.[9]

48.    The Children's VapoCream product also costs more than the Adult VapoCream product. For example, Walmart sells a 3.00 oz. (85 g) bottle of the Children's VapoCream product for $8.97[10] and an identical 3.00 oz. (85 g) bottle of

---

[4]         https://www.walgreens.com/store/c/vicks-vaporub-children's-cough-suppressant-ointment/ID=prod6367312-product

[5]  https://www.walgreens.com/store/c/vicks-vaporub,-original,-cough-suppressant,-topical-chest-rub-%26-analgesic-ointment-original/ID=300432552-product?skuId=sku351246

[6]  https://www.walmart.com/ip/Vicks-Children-s-VapoPatch-Non-Medicated-Wearable-Aroma-Patch-Soothing-Vicks-Vapors-Ages-6-5-ct/307112418?fulfillmentIntent=Shipping

[7]  https://www.walmart.com/ip/Vicks-VapoPatch-Non-Medicated-Wearable-Arome-Patch-Long-Lasting-Soothing-Vicks-Vapors-5-Ct/490539249?fulfillmentIntent=Pickup&athbdg=L1103&from=searchResults

[8]         https://www.amazon.com/Vicks-Vapopatch-Childrens-Wearable-Aroma/dp/B07D7JLWWF/ref=sr_1_4?crid=89D6LM9SS2CR&keywords=children%27s+vapopatch&qid=1675276880&sprefix=children%27s+vapopatch%2Caps%2C153&sr=8-4

[9]         https://www.amazon.com/Vicks-Vapopatch-Adult-Wearable-Aroma/dp/B07D7K68JK/ref=sr_1_5?crid=2F3D4Y4ABIROY&keywords=vapopatch&qid=1675276908&sprefix=vapopatch%2Caps%2C129&sr=8-5

[10]  https://www.walmart.com/ip/Vicks-Children-s-VapoCream-Non-Medicated-Soothing-Vicks-Vapors-3-oz/534911658?wmlspartner=wlpa&selectedSellerId=0&wl13=3652&adid=22222222277534911658_117755028669_12420145346&wmlspartner=wmtlabs&wl0=&wl1=g&wl2=c&wl3=50110 7745824&wl4=pla-294505072980&wl5=9032529&wl6=&wl7=&wl8=&wl9=pla&wl10=8175035&wl11=local&wl12=534911658&wl13=3652&veh=sem_LIA&gclid=CjwKCAiAleOeBhBdEiwAfgmXf-

---

16

the Adult's VapoCream product for $8.94.[11]

49.     The Children's Vapo products are sold at a premium compared to the adults' Vapo products for the same product quantity. Yet, both the children's and adult's Vapo products contain the same amount of the same active and inactive ingredients. The only difference is that one is labeled for children, and one is labeled for adults.

50.     The Children's Vapo Products are not specially formulated for children. The Children's Vapo Products are identical or substantially similar to the adult's Vapo products. Yet, the adult Vapo products cost less than the Children's Vapo products. Defendant takes the same exact product and puts it in two different forms of packaging: one labeled for children, and one labeled for adults. Then, the Products marketed for children are sold at a premium. In short, Defendant tricks consumers into thinking they are buying cough and cold treatment products specially formulated for children, when in reality, consumers are just buying Defendant's Vapo products for adults in a different packaging marketed for children.

51.     Consumers buy the Children's Vapo products based on the belief that they are specially formulated for children and safer for children to consume. There is a reason that children have different medicine and are recommended to have different dosages of medicine than adults, and consumers that want to keep children safe rely on companies to not mislead them into paying more for products.

---

fw_NCszHiryR19ilCdhxgfbslyYZGw5M0xgXipKUOVPE2XQZFcBRoCl2kQAvD_BwE&gclsrc=aw.ds

[11]   https://www.walmart.com/ip/Vicks-VapoCream-Non-Greasy-Moisturizing-Cream-Soothing-Non-Medicated-Vicks-Vapors-3-0-oz/647396208?wmlspartner=wlpa&selectedSellerId=0&wl13=3081&adid=22222222277647396208_117755028669_12420145346&wmlspartner=wmtlabs&wl0=&wl1=g&wl2=c&wl3=501107745824&wl4=pla-294505072980&wl5=9032529&wl6=&wl7=&wl8=&wl9=pla&wl10=8175035&wl11=local&wl12=647396208&wl13=3081&veh=sem_LIA&gclid=CjwKCAiAleOeBhBdEiwAfgmXfxSuo40QZxB_HxaE50FXBpI3SEMHtYrn-jUZwykRrqTXQ_J_RK3weRoCQiYQAvD_BwE&gclsrc=aw.ds

FIRST AMENDED CLASS ACTION COMPLAINT

52. No reasonable consumer who understood that the Children's Vapo Products were formulated identically to the adult's Vapo products would choose to pay more for them.

53. Other drug and supplement makers do not misleadingly claim that Children's products are uniquely or specially for children when in fact the Children's products are identical to a comparable Adult's product.

54. For example, Walgreens sells a Chest Rub Cough Suppressant Topical Analgesic for "adults and children 2 years and over" with identical ingredients to that of Defendant's VapoRub product. As consumers would expect, Walgreens does not sell an identical Chest Rub product and call it a "Children's" Chest Rub. Instead, Walgreens sells a "Baby" Chest Rub which is formulated differently, containing different quantities of ingredients and different ingredients altogether.

**<u>Walgreens Chest Rub[12]</u>**



---

[12]   https://www.walgreens.com/store/c/walgreens-va...pical-analgesic/ID=prod6271266-product?skuId=sku631899...

FIRST AMENDED CLASS ACTION COMPLAINT

**Walgreens Baby Chest Rub[13]**



### C. Plaintiff's Purchases, Reliance, and Injury

55.    Plaintiff Gabriela Mendoza purchased the Children's VapoRub and Children's VapoPatch products several times throughout the class period at CVS and Walmart stores located in Monterey Park, California in reliance on the front-label claims that the Products were specifically for children. Plaintiff's most recent purchase of the Children's VapoRub product was in or around early 2023.

56.    When deciding to purchase the Products, Plaintiff read and relied on the advertisement that the Children's Vapo Products were "for children," as well as the additional children-specific representations, which appear directly on the front label of the Products' labels and packaging.

57.    Based on these representations, Plaintiff believed that the Products were specially formulated or more suitable for children and bought it specifically for this reason.

---

[13]                        https://www.walgreens.com/store/c/walgreens-baby-chest-rub-soothing-ointment/ID=prod4199582-product

58.     Plaintiff purchased both the Children's Vapo Products and adult's Vapo Products multiple times during the Class Period based on the reasonable belief that the Children's Products were uniquely suitable for children and the adult's Products were more suitable for adults.

59.     Plaintiff would not have purchased the Children's Products if Plaintiff had known that the Products were, in fact, identical to the Vapo products marketed for adults, which cost less than the Children's Vapo products. Plaintiff paid a premium for these Products due to the misleading labelling on the Products' packaging. Had Plaintiff known the truth, Plaintiff could have purchased the same Products for less per ounce than Plaintiff paid.

60.     The representations on the Products' labels were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Products are identical to the Vapo products marketed to adults and are not specially formulated for children.

61.     Plaintiff acted reasonably in relying on the challenged claims that Defendant intentionally placed on the Products' labels and packaging with the intent to induce average consumers into purchasing it.

62.     Plaintiff first discovered Defendant's unlawful acts described herein in February 2023 when she learned that the Children's Products were identical to the Adult's products.

63.     Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Defendant's unlawful acts described herein because the violations were known to Defendant, and not to her throughout the Class Period defined herein.

64.     The Children's Products costs more than the Adult's Products without misleading labeling, and would have cost less absent the false and misleading statements.

65.     Plaintiff paid more for the Children's Products, and would only have

1   been willing to pay less, or unwilling to purchase them at all, absent the false and
2   misleading labeling statements complained of herein.

3          66.    For these reasons, the Products were worth less than what Plaintiff paid
4   for them.

5          67.    Plaintiff would like to, and would consider, purchasing the Products
6   again when she can do so with the assurance that the Products' labels are truthful
7   and consistent with the Products' ingredients.

8          68.    Plaintiff will be unable to rely on the Products' advertising or labeling
9   in the future, and so will not purchase the Products again although she would like to.

10         69.    Plaintiff lost money as a result of Defendant's deceptive claims and
11  practices in that she did not receive what she paid for when purchasing the Products.

12         70.    Plaintiff detrimentally altered her position and suffered damages in an
13  amount equal to the premium she paid for the Products.

14         71.    The senior officers and directors of Defendant allowed the Products to
15  be sold with full knowledge or reckless disregard that the challenged claims are
16  fraudulent, unlawful, and misleading.

17                     **V.    CLASS ACTION ALLEGATIONS**

18         72.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks
19  certification of the following Classes (or alternative Classes or Subclasses), for four
20  years from the filing of the Complaint until the present ("Class Period"), as defined
21  as follows:

22         **The Nationwide Class is defined as follows**:

23         All U.S. citizens who purchased Children's Vicks VapoRub, Children's Vicks
24  VapoPatch, and/or Children's Vicks VapoCream in their respective state of
25  citizenship for personal and household use and not for resale during the Class Period.

26         **The California Subclass is defined as follows**:

27         All California citizens who purchased Children's Vicks VapoRub, Children's
28  Vicks VapoPatch, and/or Children's Vicks VapoCream in California for personal

and household use and not for resale during the Class Period.

73.     The Classes and Subclasses described in this complaint will jointly be referred to as the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

74.     Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

75.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

76.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

77.     Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Products appropriate with respect to the Classes as a whole.  In particular, Defendant has failed to disclose the true nature of the Products being marketed as described herein.

78.     There is a well-defined community of interest in the questions of law

22

and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law include, but are not limited to, the following:

a.      Whether Defendant breached any express warranties made to Plaintiff and the Class;

b.      Whether Defendant breached any implied warranties made to Plaintiff and the Class;

c.      Whether Defendant violated other consumer protection statutes, false advertising statutes, or state deceptive business practices statutes;

d.      Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and practices in connection with the marketing, advertising, and sales of the Products;

e.      Whether reasonable consumers are likely to be misled by Defendant's advertising and labeling of the Products;

f.      Whether the Products' challenged representations and omissions are material to reasonable consumers;

g.      Whether the proposed class is suitable for class certification;

h.      The proper amount of restitution, damages, and punitive damages;

i.      The proper injunctive relief, including a corrective advertising campaign;

j.      The proper amount of attorneys' fees.

79.      These common questions of law and fact predominate over questions that affect only individual Class Members.

80.      Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products, and suffered economic injury because the Products were and still are

misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Products, Plaintiff and Class Members would not have purchased the Products, or would have paid less for them.

81.     Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Classes, and has retained counsel with substantial experience in handling complex consumer class action litigation.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.

82.     Plaintiff and the members of the Classes suffered, and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Classes is impracticable.   Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

83.     Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

84.     Defendant has acted on grounds applicable to the Class, thereby making

24

FIRST AMENDED CLASS ACTION COMPLAINT

appropriate final public injunctive and declaratory relief concerning the Class as a whole.

85.    As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

### (*on behalf of the California Class*)

86.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

87.    California's Unfair Competition Law, Business and Professions Code §17200 (the "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

88.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

### Fraudulent

89.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

90.    As set forth herein, Defendant's claims relating to the Products are likely to mislead reasonable consumers to believe the Products are specially formulated for children or otherwise uniquely suitable for children.

91.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members.  Plaintiff has suffered injury in fact as a

25

result of Defendant's unfair conduct.  Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Defendant, as set forth in the Prayer for Relief.

92.   Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

93.   Plaintiff also seeks an order for the disgorgement and restitution of the premium received from the sale of the Products the Class Members purchased, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

### Unlawful

94.   The acts alleged herein are ''unlawful" under the UCL in that they violate at least the following laws:

a.   By knowingly and intentionally concealing from Plaintiff and the other Class members that the Products were not specially formulated for children;

b.   By misrepresenting the nature of the Products as being specially formulated for children or otherwise uniquely suitable for children;

c.   By engaging in the conduct giving rise to the claims asserted in this complaint;

d.   By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Products;

e.   By violating California Civil Code §§ 1709-1711 by suppressing material information about the Products;

f.   By violating the California Commercial Code for breaches of express and implied warranties.

g.   By violating California's Sherman Act, Cal. Health & Safety Code §

110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular";

h.      By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.; and

i.      By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*.

95.     Such conduct is ongoing and continues to this date.

96.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

## **Unfair**

97.     Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  In the alternative, Defendant's business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.  Such conduct is ongoing and continues to date.

98.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products were and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal Remedies Act, the False Advertising Law, and portions of the California Sherman Food, Drug, and Cosmetic Law.

99.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products were and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

100.   Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

101.   Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices is proper.

102.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

103.   Classwide reliance can be inferred because Defendant's misrepresentations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the Children's Vapo products.

104.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

105.   Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased or would have paid less for the Children's Vapo products if they had known the truth and (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentations.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq.*

### (*on behalf of the California Class*)

106.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

107.   The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the

exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

108.   It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

109.   As alleged herein, Defendant falsely advertised the Children's Vapo products by falsely representing that the Products were specifically formulated for children and safer for consumption by children, when in fact the Products are identical to the Adult's Vapo products.

110.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance on Defendant's false and misleading labeling claims that the Products, among other things, were specially formulated for children or otherwise uniquely suitable for children.

111.   Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

112.  Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

113.   As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

114.   Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

FIRST AMENDED CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Violations of the Consumer Legal Remedies Act,**

**Cal. Civ. Code §§ 1750 *et seq*.**

(***on behalf of the California Class***)

115.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

116.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

117.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a.      § 1770(a)(5): Representing that goods have characteristics, uses, or benefits which they do not have;

b.      § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another;

c.      § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised; and

d.      § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

118.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

119.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

120.    On February 23, 2023, Plaintiff sent a notice letter to Defendant's principal place of business which complies with California Civil Code § 1782(a). Plaintiff sent Defendant individually and on behalf of the proposed Class, a letter by

30

certified mail, return receipt requested, demanding that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so. A copy of Plaintiff's February 23, 2023 CLRA letter is attached hereto as **Exhibit 1**.

121.   More than thirty days have passed since Plaintiff sent Defendant a CLRA letter and Defendant has failed to take the corrective action described in Plaintiff's letter. Wherefore, Plaintiff seeks damages, restitution, injunctive relief, and attorneys' fees and costs for Defendant's violations of the CLRA.

**FOURTH CAUSE OF ACTION**

**Breach of Express Warranties,**

**Cal. Com. Code § 2313(1)**

(***on behalf of all Classes***)

122.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

123.   Through the Products' labels and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

124.   The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned alleged valuation of the Products regarding its suitability for children.

125.    These representations had an influence on consumers' decisions in purchasing the Products.

126.   Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Products. Plaintiff and the Class members relied on the representations when purchasing Defendant's products.

127.   Defendant breached the express warranties by selling Products that were marketed as specially formulated for children or otherwise uniquely suitable

31

for children, when in fact, the Products were identical to the adult's Vapo products.

128.   That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Products.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties,

### Cal. Com. Code § 2314

### (*on behalf of all Classes*)

129.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

130.   Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, made representations to Plaintiff and the Class that, among other things, the Products were specially formulated for children or otherwise uniquely suitable for children.

131.   Plaintiff and the Class bought the Products manufactured, advertised, and sold by Defendant, as described herein.

132.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

133.   However, Defendant breached that implied warranty in that the Products were not specially formulated for children, and instead, were identical to the adult's Vapo products.

134.   As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the products did not conform to promises and affirmations made on the container or label of the goods.

135.   Plaintiff and Class Members sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' price premium.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

### (*on behalf of all Classes*)

136.    Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

137.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

138.    During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including that the Products were specially formulated for children or otherwise uniquely suitable for children.

139.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price.

140.    Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for Products that were identical to lower-priced products.

141.    Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

142.    Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

33

***(on behalf of all Classes)***

143.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

144.   Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

145.   During the applicable Class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including that the Products were specially formulated for children, safer to consume for children, or otherwise uniquely suitable for children. These representations were material and were uniformly made.

146.   As noted in detail above, these representations were false and misleading, as the Children's Vapo Products are identical to the adult's Vapo products. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

147.   Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

148.   Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant offered products that were marketed and advertised as specially formulated for children so Defendant could realize greater profits by requiring consumers to purchase two separate products: one for children and one for adults. Defendant also knew that children required a smaller dose of the Products than adults and therefore cough and cold relief products purchased for children

34

would be purchased at a slower rate than cough and cold relief products purchased for adults. For that reason, Defendant offered products that were marketed and advertised as specially formulated for children so Defendant could realize greater profits irrespective of whether consumers intended to purchase Vapo products for children or adults. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products. In addition to Defendant's knowledge that the Products were not specially formulated for children and were not otherwise uniquely suitable for children, Defendant expressly represented that the Children's Products were more suitable for children to consume and superior to the adult's Vapo products when purchasing for children, and generated great profit by instilling confidence in its consumer base that its claims were credible.

149.   Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

150.   As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

151.   Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

152.   As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

153.   Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
### Quasi-Contract/ Unjust Enrichment

35

(***on behalf of all Classes***)

154.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

155.   As alleged in detail above, Defendant's false and misleading labeling caused Plaintiff and the Class to purchase the Children's Vapo products at a premium.

156.   In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Class's expense.

157.   It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. For example, Defendant was only able to charge a premium for the Children's Vapo products by intentionally withholding information from Plaintiff, or otherwise misrepresenting the Products' qualities.

158.   Plaintiff and the Class seek restitution.

## VI.   <u>PRAYER FOR RELIEF</u>

159.   Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, including:

a.   An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

b.   An order maintaining this action as a class action and/or an order maintaining a particular issue class action pursuant to Federal Rule of Civil Procedure 23(c)(4);

c.   An order requiring Defendant to bear the costs of class notice;

d.   An order appointing Plaintiff as the class representative and the Law Offices of Ronald A. Marron as Class Counsel;

e.   An order compelling Defendant to conduct a corrective advertising campaign;

f.   An order compelling Defendant to destroy all misleading and deceptive

advertising materials and Products labels, and to recall all offending Products;

g.   An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of the Products to Plaintiff and the class members;

h.   An order awarding restitution in the amount of the price premium paid by the class members for the Products;

i.   An award for punitive damages;

j.   An award of attorneys' fees and costs; and

k.   An order providing for all other such further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 11, 2023                Respectfully Submitted,


                                   /s/ *Ronald A. Marron*
                                   Ronald A. Marron

                                   **LAW OFFICES OF RONALD A. MARRON**
                                   RONALD A. MARRON
                                   *ron@consumersadvocates.com*
                                   MICHAEL T. HOUCHIN
                                   *mike@consumersadvocates.com*
                                   LILACH HALPERIN
                                   *lilach@consumersadvocates.com*
                                   651 Arroyo Drive
                                   San Diego, California 92103
                                   Telephone: (619) 696-9006
                                   Facsimile: (619) 564-6665
                                   ***Counsel for Plaintiff and the Proposed Class***

FIRST AMENDED CLASS ACTION COMPLAINT