**<u>EXHIBIT A</u>**

2023 WL 4564552
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Lynn ZIMMERMAN, Plaintiff,
v.
L'ORÉAL USA, INC., Defendant.

Case No. 22-cv-07609-HSG
|
Signed July 17, 2023

**Attorneys and Law Firms**

Hayley A. Reynolds, Marie Ann McCrary, Seth Adam Safier, Gutride Safier LLP, San Francisco, CA, for Plaintiff.

Thomas B. Mayhew, Daniel Antonio Contreras, Farella Braun and Martel LLP, San Francisco, CA, Elianni De La Cruz, Emma Ellman-Golan, Pro Hac Vice, Hannah Brudney, Pro Hac Vice, Joshua Adam Kipnees, Pro Hac Vice, Patterson Belknap Webb & Tyler LLP, New York, NY, Elizabeth Anne Dorsi, Farella Braun & Martel LLP, San Francissco, CA, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Re: Dkt. No. 26

HAYWOOD S. GILLIAM, JR., United States District Judge

**\*1** Pending before the Court is Defendant L'Oréal USA, Inc.'s motion to dismiss. Dkt. No. 26 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I. BACKGROUND

Plaintiff Lynn Zimmerman filed this putative class action alleging that Defendant misleadingly advertises the sunscreen benefits of some of its cosmetic products. Dkt. No. 9 ("Compl."). Plaintiff alleges that she purchased L'Oréal Infallible Fresh Wear 24HR Foundation on multiple occasions from local retailers. *Id.* ¶¶ 55–56. Plaintiff further alleges that the foundation's front label statements claiming it provides "Up to 24HR Breathable Texture," "Up to 24H Fresh Wear," and "Sunscreen Broad Spectrum SPF 25" led her to believe that the foundation provided 24 hours of sunscreen protection.[1] *Id.* ¶ 56. However, as alleged, the product's Sun Protection Factor ("SPF") lasts only two hours. *Id.* ¶¶ 3, 23, 32. The drug facts panel, located underneath a peel-back sticker on the back label, directs users to "reapply at least every 2 hours" for sunscreen use. *Id.* ¶ 38. Plaintiff contends that she would not have purchased, or would have paid less for, the foundation had she known that it would not provide 24 hours of sunscreen protection. *Id.* ¶¶ 58–59.

Plaintiff also challenges the labels of products she did not purchase, including all cosmetics sold by Defendant whose front labels contain a 24-hour durational statement alongside an SPF statement. *Id.* ¶¶ 20–21. Plaintiff specifically identifies L'Oréal Infallible Pro-Glow Foundation, which advertises "Up to 24HR Foundation," and Lancôme Teint Idôle Ultra 24H Long Wear Matte Foundation, which advertises "Up to 24H Color Wear & Comfort."[2] *Id.* ¶¶ 20–22.

Based on these allegations, Plaintiff brings causes of action for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as for unjust enrichment and common law fraud, deceit, and/or misrepresentation. *Id.* ¶¶ 71–116. Defendant now moves to dismiss the complaint.

### II. LEGAL STANDARD

**\*2** Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

⚑*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." ⚑*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ⚑*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* [Fed. R. Civ. P. 9(b)](#) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also [Vess v. Ciba–Geigy Corp. USA](#)*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *[Cooper v. Pickett](#)*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." [Fed. R. Civ. P. 9(b)](#).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *[Manzarek v. St. Paul Fire & Marine Ins. Co.](#)*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *[In re Gilead Scis. Secs. Litig.](#)*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *[Sprewell v. Golden State Warriors](#)*, 266 F.3d 979, 988 (9th Cir. 2001)).

A defendant may also move for dismissal on grounds that the court lacks subject matter jurisdiction over the action. [Fed. R. Civ. P. 12(b)(1)](#). It is the plaintiff's burden to establish subject matter jurisdiction. *See [Ass'n of Am. Med. Colls. v. U.S.](#)*, 217 F.3d 770, 778–79 (9th Cir. 2000); *[Kokkonen v. Guardian Life Ins. Co. of Am.](#)*, 511 U.S. 375, 376–78 (1994).

### III. DISCUSSION

#### A. Standing

Defendant first contends that Plaintiff lacks standing for products she did not purchase and to seek injunctive relief.[3] Mot. at 21–25. To have standing under [Article III of the Constitution](#), "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *[Spokeo, Inc. v. Robins](#)*, 578 U.S. 330, 338 (2016) (citing *[Lujan v. Defenders of Wildlife](#)*, 504 U.S. 555, 560 (1992)).

#### i. Unpurchased Products

In the Ninth Circuit, "[t]here is no controlling authority on whether [p]laintiffs have standing for products they did not purchase." *[Miller v. Ghirardelli Chocolate Co.](#)*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). Although some district courts reserve the issue until a motion for class certification, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." [*Id.* at 869](#); *see also [Papasan v. Dometic Corp.](#)*, No. 16-CV-02117-HSG, 2017 WL 4865602, at *8 (N.D. Cal 2017); *[Werdebaugh v. Blue Diamond Growers](#)*, No. 12-CV-02724-LHK, 2013 WL 5487236, at *12-13 (N.D. Cal. Oct. 2, 2013). If the products are sufficiently similar, "any concerns regarding material differences in the products can be addressed at the class certification stage." *[Anderson v. Jamba Juice Co.](#)*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012). However, "[w]here the alleged misrepresentations or accused products are dissimilar, courts tend to dismiss claims to the extent they are based on products not purchased." *[Miller](#)*, 912 F. Supp. 2d at 870.

**\*3** Courts have found substantial similarity for purposes of standing where (1) the products are physically similar; (2) the differences between the products are immaterial because the legal claim and injury to the customer is the same; and (3) both the products and the legal claims and injury are similar. *See [Ang v. Bimbo Bakeries USA, Inc.](#)*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *4–8 (N.D. Cal. Mar. 13, 2014). The Court agrees with Judge Orrick of this district that "the best approach is one which focuses on whether the type of claim and consumer injury is substantially similar as between the purchased and unpurchased products." *Id.* at *8. "That determination necessarily focuses on whether the resolution of the asserted claims will be identical between the purchased and unpurchased products." *Id.* In cases where a plaintiff's allegations that a product's label would mislead a reasonable consumer "require a context-specific analysis of the appearance of the label, the misrepresentation's placement on the label, and other information contained on the label," the plaintiff "may only be allowed to pursue those claims for products with identical labels." *Id.*

The Court finds that the two identified, unpurchased products —L'Oréal Pro-Glow Foundation and Lancôme Foundation— are not substantially similar to L'Oréal Infallible Foundation, the product Plaintiff purchased, because the allegedly misleading statements are different.[4] While L'Oréal Infallible Foundation advertises "Up to 24H *Fresh Wear*" and "Up to 24HR *Breathable Texture*," L'Oréal Pro-Glow Foundation advertises "Up to 24HR *Foundation*," and Lancôme Foundation advertises "Up to 24H *Color Wear & Comfort*." Compl. ¶ 21. Unlike a case where the statements are identical across products that vary in ways immaterial to the analysis, these differences are material to Plaintiff's claims. *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-CV-03184-HSG, 2021 WL 3191733, at *3 (N.D. Cal. July 28, 2021) (finding substantial similarity where four products contained same "non-toxic formula" statement in the same location). For instance, a reasonable consumer could interpret the more general "Up to 24HR Foundation" differently than "Up to 24H Color Wear & Comfort," which appears to make a representation about a particular cosmetic benefit. Determining whether the labels would mislead reasonable consumers requires a "context-specific analysis" of each of these statements. See *Ang*, 2014 WL 1024182, at *4. Accordingly, resolution of Plaintiff's claims will not be identical across the purchased and unpurchased products. *See id.*

The Courts likewise finds that Plaintiff has failed to establish standing for any unidentified unpurchased products. The Court cannot assess substantial similarity absent images or detailed descriptions of the products' labels. See *Meza v. Coty, Inc.*, No. 22-CV-05291-NC, 2023 WL 3082346, at *4 (N.D. Cal. Apr. 24, 2023); *Slaten v. Christian Dior, Inc.*, No. 23-CV-00409-JSC, 2023 WL 3437827, at *5 (N.D. Cal. May 12, 2023).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims regarding L'Oréal Pro-Glow Foundation and Lancôme Foundation without leave to amend. The Court further **GRANTS** Defendant's motion to dismiss Plaintiff's claims regarding unidentified products with leave to amend.

### ii. Injunctive Relief

Defendant next argues that Plaintiff lacks standing to seek injunctive relief. Mot. at 23–25. Specifically, Defendant urges that Plaintiff cannot plausibly allege a likelihood of future harm because she is now aware that sunscreen must be reapplied every two hours. *Id.* at 24.

To have standing to seek injunctive relief under Article III, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quotation omitted). Therefore, once a plaintiff has been wronged, she is entitled to injunctive relief only if she can show that she faces a "real or immediate threat that [she] will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quotation omitted). In the context of false advertising cases, the Ninth Circuit has confirmed "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). A plaintiff may establish the risk of future harm in two ways: (1) "the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to"; or (2) "the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969–70.

**\*4** Here, Plaintiff alleges that she "continues to desire to purchase cosmetic products, including those marketed and sold by Defendant," and that she "would likely purchase the Products again in the future" if they "were reformulated and/or relabeled without the misleading 24 hour SPF claims." Compl. ¶ 61. Drawing all inferences in Plaintiff's favor— as is appropriate at this stage—the Court finds that these allegations are sufficient to establish a risk of future harm. See *Davidson*, 889 F.3d at 971. Plaintiff might not be able to tell if the labels are accurate if Defendant changes the SPF protection duration, or if Defendant alters the front label to state that the SPF only lasts two hours and lowers the price, Plaintiff might be willing to pay. See *Slaten*, 2023 WL 3437827, at *6.

Because this is sufficient under *Davidson*, Defendant's motion to dismiss on this basis is **DENIED.**

### B. Express Preemption

Defendant next contends that Plaintiff's state law claims are expressly preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), which mandates that "no State ... may establish or continue in effect any requirement ... that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter." Mot. at 16–21; 21 U.S.C. § 379r(a)(2). The Court finds that the FDCA does not preempt Plaintiff's claims.

Under the FDCA, cosmetic products that include the term "sunscreen" on their labeling or otherwise represent that they are "intended to prevent, cure, treat, or mitigate disease or to affect a structure or function of the body" are regulated as drugs. 21 C.F.R. § 700.35. Sunscreen products must, on their front labels, identify themselves as "sunscreens" and provide their SPF values. *Id.* §§ 201.327(a)–(b). Non-water-resistant sunscreen products must also include drug facts panels (typically on the back labels) directing users to "reapply at least every 2 hours," with the optional clarifying addition: "[f]or sunscreen use." *Id.* § 201.327(e). The FDCA also prohibits any labeling statements that are "false or misleading in any particular." 21 U.S.C. § 352(a)(1).

Two courts in this district have addressed preemption in nearly identical circumstances involving challenges to durational claims on SPF-containing cosmetics and concluded that the FDCA did not preempt the claims. *See Meza*, 2023 WL 3082346, at *5–6; *Slaten*, 2023 WL 3437827, at *2–3. The Court agrees with the reasoning and holding of these cases. Crucially, the FDCA does not require manufacturers to include any sort of durational statement on the front labels of sunscreen products. Therefore, if successful, Plaintiff's claims challenging Defendant's front label statements would not impose requirements that are additional to or different from existing federal regulations. To the extent that removing the allegedly misleading statements imposes a requirement on Defendant, this requirement is identical to requirements already imposed by the FDCA, which, like the California laws under which Plaintiff sues, prohibits "false or misleading" drug labeling. *See* 21 U.S.C. § 352(a)(1).

Accordingly, Plaintiff's claims are not preempted. The Court **DENIES** Defendant's motion to dismiss on this basis.

### C. Reasonable Consumer Test

Lastly, Defendant argues that Plaintiff fails to plausibly allege that a reasonable consumer is likely to be deceived. Mot. at 12–16. Specifically, Defendant urges that the 24-hour statements clearly refer only to cosmetic benefits, and that a reasonable consumer would refer to the back label, which clarifies that the SPF lasts only two hours. [5] *Id.* at 13–14. Plaintiff responds that a reasonable consumer could believe the statements also include SPF protection and would not see the reapplication instructions at the time of purchase because they are buried underneath a sticker. Opp. at 3, 5–9. The Court agrees with Plaintiff.

**\*5** The parties agree that all of Plaintiff's claims are governed by the "reasonable consumer" test. *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer test, [Plaintiff] must show that members of the public are likely to be deceived." *Id.* (quotations omitted). " 'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Rather, the test is whether "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

In a recent product labeling case, the Ninth Circuit held that where "a front label is ambiguous, the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023). In *McGinity*, the defendant's shampoo and conditioner bottles displayed the phrase "Nature Fusion" next to a picture of an avocado on a leaf. *Id.* at 1096. The plaintiffs argued that this labeling misrepresented the products as all-natural. *Id.* The court disagreed. *Id.* at 1098–99. Because the phrase "Nature Fusion" is ambiguous (*i.e.*, it could mean either a mixture of natural ingredients or a mixture of natural and non-natural ingredients), a reasonable consumer would consider all of the information available at the time of purchase, including the back labels. *Id.* The products' drug facts panels, plainly visible on the back labels, listed synthetic ingredients. *Id.*; *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 881–85 (9th Cir. 2021) (affirming "the general principle that deceptive advertising claims should take into account all the

information available to consumers and the context in which that information is provided and used") (quotation omitted). [6]

Here, like in *McGinity*, the front label statements are ambiguous. While Defendant urges that "24H Fresh Wear" and "24HR Breathable Texture" should be interpreted to refer only to the product's cosmetic benefits, Plaintiff argues that these phrases could be interpreted to include sunscreen protection. *See* Mot. at 13–14; Opp. at 5–6. As Plaintiff acknowledges, the "24H Fresh Wear" statement puts at issue "what does 'wears freshly' mean," and whether "fresh wear" includes SPF protection. Opp. at 5. However, unlike in *McGinity*, it isn't clear that this ambiguity "can be resolved by reference to the back label." *See* [69 F.4th at 1099](#). Here, the back label instructions to "reapply at least every 2 hours" for sunscreen use are printed underneath a peel-back sticker, not immediately visible to consumers at the time of purchase. *See* Compl. ¶¶ 38–39. The Court cannot conclude as a matter of law that a reasonable consumer would peel back the label in the store, before purchasing the product, to find and read these instructions. *See* [*Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *7 (N.D. Cal. Sept. 1, 2017)](#), *on reconsideration in part*, [No. 17-CV-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017)](#) (concluding that back label disclaimers that are obstructed by packaging at the time of purchase cannot cure front label ambiguity). [7]

**\*6** Therefore, the Court concludes that Plaintiff has plausibly alleged that the L'Oréal Infallible Foundation label would deceive a reasonable consumer. The Court **DENIES** Defendant's motion to dismiss on this basis.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. Specifically, Plaintiff's claims based on the identified unpurchased products are **DISMISSED** without leave to amend, and Plaintiff's claims based on the unidentified unpurchased products are **DISMISSED** with leave to amend. Plaintiff may file an amended complaint within 21 days of this order.

The Court further **SETS** a case management conference on August 22, 2023, at 2:00 p.m. The parties should be prepared to discuss how to move this case forward efficiently. All counsel shall use the following dial-in information to access the call:

  Dial-In: 888-808-6929;

  Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

The Court further **DIRECTS** the parties to meet and confer and submit a joint case management statement by August 15, 2023.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2023 WL 4564552

---

### Footnotes

1   Plaintiff's opposition makes clear that she is challenging both the "Up to 24HR Breathable Texture" and "Up to 24H Fresh Wear" statements pictured in her complaint. *See* Opp. at 5–6; Compl. ¶ 21.

2   The Court **GRANTS** Defendant's request for judicial notice of the product labels. *See* Dkt. No. 26-10. Defendant only requests notice of the full product labels for those foundations specifically referenced and pictured in Plaintiff's own complaint. *See* Dkt. Nos. 26-2, 26-3, 26-4. These labels are central to Plaintiff's claim and their authenticity is not in question. *See* [*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)](#).

|   |   |
|---|---|
|   | The Court **DENIES** Defendant's request for judicial notice of FDA web pages and an administrative order, as well as the dictionary definition of "foundation," as these materials are not relevant to the Court's analysis. Even if the Court had considered them, it would not have changed the conclusions in this order. |
| 3 | Defendant also contends that Plaintiff lacks standing to pursue claims regarding statements on Defendant's website. Mot. at 25. However, while Plaintiff references Defendant's website "to support the plausibility of her allegations," there is no indication that she seeks to state a separate claim for relief based on the falsity of the website statements. *See* Dkt. No. 32 ("Opp.") at 20; Compl. ¶ 43. |
| 4 | Plaintiff appears to suggest that some of Defendant's products contain standalone "Up to 24HR" statements. *See* Compl. ¶¶ 4, 22, 56, 57. However, none of the identified products contain a standalone "24HR" statement. *See id.* ¶ 21. Rather, "Up to 24HR" is always coupled with a specific benefit, such as "Foundation" or "Fresh Wear." *See id.* In analyzing the labels, the Court considers the full statements. |
| 5 | Because the Court has dismissed Plaintiff's claims for the unpurchased products, the Court considers only the plausibility of Plaintiff's claims for L'Oréal Infallible Foundation here. |
| 6 | Plaintiff argues that *Williams* precludes ever requiring consumers to read the fine print on the back label. Compl. ¶ 48; Opp. at 7. But the Ninth Circuit clarified in *McGinity* that "the front label must be *unambiguously* deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." 69 F.4th at 1098 (emphasis added). |
| 7 | Defendant contends that the fact that the reapplication instructions are printed on a peel-back label should not matter because "that is exactly how FDA has directed manufacturers to label their OTC sunscreens when the full Drug Facts information cannot fit on a small package." Mot. at 15. However, while the FDA *permits* manufacturers to use peel-back labels, it does not *require* them to do so. *See* Over-The-Counter Human Drugs; Labeling Requirements, 64 Fed. Reg. 13254, 13268 (Mar. 17, 1999) ("[E]xtended panels, peel back or fold our labels ... *could* be used to accommodate FDA required information.") (emphasis added). The FDA also directs that peel-back labels should "not render the product misleading." *Id.* At the pleading stage, the Court cannot conclude that the products' packaging could never mislead a reasonable consumer as a matter of law. |

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.