UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 1 of 12 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [29] [39] [41]**

Plaintiff Gabriela Mendoza alleges, on behalf of herself and a proposed nationwide class, that the manufacturing, distribution, marketing, and sale of a line of "Vicks Vapo" cough and cold treatment products by Defendant Proctor & Gamble Company ("P&G") gives rise to claims under (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) California's False Advertising Law ("FAL"), *id.* § 17500 *et seq.*; (3) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) breach of express warranties, Cal. Com. Code § 2313(1); (5) breach of implied warranty, *id.* at § 2314; (6) negligent misrepresentation; (7) common law fraud; and (8) unjust enrichment.

Mendoza filed the operative First Amended Complaint ("FAC") on May 11, 2023, seeking an order compelling P&G to cease its misleading marketing of its products; destroy all misleading, deceptive, and unlawful materials; conduct a corrective advertising campaign; restore the amounts by which it has been unjustly enriched; and pay restitution and punitive damages. FAC ¶ 10 [Doc. # 25.]

P&G now moves to dismiss all of Mendoza's claims pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. # 29 ("MTD").] The MTD is fully briefed. [Doc. ## 30 ("Opp."), 32 ("Reply").] For the reasons set forth below, the Court **GRANTS in part and DENIES in part** the MTD.

**I.
FACTUAL BACKGROUND**[1]

P&G is a corporation that makes, labels, distributes, sells, and markets "Vicks Vapo," a line of cough and cold products. FAC ¶¶ 1, 14. In the Vicks Vapo line, P&G sells two versions

---

[1] The Court assumes the truth of the FAC's material factual allegations solely for the purpose of deciding P&G's MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 2 of 12 |

of the products at issue: "Children's VapoRub," "Children's VapoPatch," and "Children's VapoCream" (together, "Children's Products"), and standard versions of the same products not directed at any specific group ("Standard Products"). *Id.* ¶ 2. The equivalent Children's and Standard Products contain the same formula and ingredients. *Id.* ¶ 19; *see also id.* ¶¶ 22–23 (images of both VapoRub ingredient labels), 29–30 (images of both VapoPatch ingredient labels), 36–37 (images of both VapoCream ingredient labels).

The Children's VapoRub front label states that it is for children two and older; the Standard Product's front label includes no age instruction. *Id.* ¶ 21. Per ounce, Children's VapoRub costs approximately $1.03 more than Standard VapoRub. *Id.* ¶ 46. The Children's VapoPatch includes a picture of a cartoon child wearing the patch; the Standard Product contains a more defined image of an adult wearing the patch. *Id.* ¶ 27. Per patch, Children's VapoPatch costs at least $0.70 more than Standard VapoPatch. *Id.* ¶ 47. The Children's VapoCream includes the language "easy to apply" and illustrations of various objects, such as an airplane, butterfly, flowers, stars, paper airplanes, and clouds; the Standard Product does not have such language or illustrations. *Id.* ¶ 34. Children's VapoCream similarly costs more than Standard VapoCream. *See id.* ¶ 48.

Mendoza, a California resident, purchased Children's VapoRub and Children's VapoPatch at CVS and Walmart stores "several times through the Class Period." *Id.* ¶ 15. She alleges that when making her purchasing decisions she read and relied on the Children's Products front labels and understood them to mean the products were "specially formulated for children." *Id.* She would not have purchased the Children's Products, or would have only been willing to pay substantially less for them, had she known the products were identical. *Id.*

## II.
## LEGAL STANDARD

### A.    Rule 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). P&G does not specify which arguments it raises under Rule 12(b)(1), but it appears to bring a facial challenge based on preemption and non-justiciability arguments. *See McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (preemption is an issue of subject matter jurisdiction); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) (justiciability is an issue of subject matter jurisdiction). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction[.]" *Id.* When

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 3 of 12 |

resolving a facial attack, a court "take[s] the allegations in the plaintiff's complaint as true." *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

**B.      Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

In addition, Federal Rule of Civil Procedure 9(b) mandates a heightened pleading standard for cases sounding in fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b)'s heightened pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation marks omitted).

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**III.
DISCUSSION**

P&G moves to dismiss Mendoza's claims on ten grounds: (1) Mendoza's VapoRub and VapoCream claims are expressly preempted by the FDCA; (2) Mendoza's claims are based on a non-justiciable price differential; (3) Mendoza fails to allege actual deception; (4) Mendoza fails to sufficiently plead a non-disclosure claim; (5) Mendoza fails to plead actual reliance; (6) Mendoza fails to allege breach of express or implied warranties; (7) the economic loss rule bars the common law fraud claims; (8) restitution is not an available remedy for the unjust enrichment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 4 of 12 |

claim; (9) Mendoza lacks standing to sue because she did not purchase VapoCream; and (10) Mendoza lacks standing to seek equitable relief.

**A.     Preemption of VapoRub and VapoCream Claims[2]**

P&G first argues that the FDCA expressly preempts Mendoza's claims relating to VapoRub and VapoCream. *See* MTD at 17.[3] Courts have been heavily split, even within this district, in navigating state-law law labelling requirements and FDCA preemption. *Compare Carter v. Novartis Consumer Health, Inc.*, 582 F. Supp. 2d 1271 (C.D. Cal. 2008) (finding preemption of state claims not also alleging parallel FDA violations) *with Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192 (C.D. Cal. 2021) (finding no preemption when state-law claims mirrored federal requirements).

The clear language of the FDCA prohibits any state or local government from "establish[ing] or continu[ing] in effect any requirement . . . that is different from or in addition to, or that is otherwise not identical with" federal law. *See* 21 U.S.C. § 379r (regarding over-the-counter drugs); *accord id.* at § 379s (regarding cosmetic products). But the FDCA "does not preempt state laws that allow consumers to sue cosmetics [or over-the-counter drug] manufacturers that label or package their products in violation of federal standards." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015). Accordingly, the availability of state law damages for violations of federal law does not itself amount to an additional or different requirement. *Id.* Mendoza's state-law claims are preempted unless she seeks to impose (i) state-law requirements identical to those imposed by the FDCA; or (ii) state-law requirements that are not related to the areas already covered by the FDCA or another federal regulation.

As relevant here, the FDCA deems drugs and cosmetics misbranded if their labeling is "false or misleading in any particular." 21 U.S.C. §§ 352, 362. For this reason, *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016), counsels against dismissal of Medoza's claims on the basis of preemption. In *Ebner*, the Ninth Circuit held that a claim that a lip balm's packaging was misleading was not preempted by the FDCA. The court reasoned that because the plaintiff sought to enforce California's Sherman Law, which prohibits "false or misleading" labeling of cosmetics, the plaintiff was seeking to enforce a state law duty "identical" to the defendant's federal duty under the FDCA. Whether the label was actually deceptive went "to the merits of the claim, not the question of federal preemption." 838 F.3d at 965 (citing *Astiana*, 783 F.3d at 758 n.3). Here,

---

[2] P&G acknowledges that VapoPatch is neither an over-the-counter drug nor a cosmetic, and Mendoza's claims regarding VapoPatch are not subject to the FDCA's preemption provisions. MTD at 17 n.2.

[3] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 5 of 12 |

Mendoza's claims are all predicated on her belief, based on the products' labeling, that the Children's Products "were specially formulated or more suitable for children." FAC ¶ 57. In other words, she seeks to hold P&G liable for, and to force P&G to change, false, or misleading labeling practices. Mendoza's state law claims mirror the FDCA's requirements and are not preempted.[4]

The Court therefore **DENIES** the MTD insofar as it is based on FDCA preemption.

**B.     Non-Justiciable Differential Pricing**

P&G next argues that Mendoza's claims are based on a price differential between Standard Products and Children's Products and that mere challenges to differential pricing are nonjusticiable in this context. MTD at 21–22. They cite Mendoza's allegations that P&G misleads consumers to believe the Children's Products "are specifically formulated for children" when the two versions actually "have the same formula and ingredients." *Id.* (quoting FAC ¶¶ 4–5). But P&G's citation to *Boris v. Wal-Mart Stores, Inc*, 35 F. Supp. 3d 1163 (C.D. Cal. 2014), is inapposite. In that case, the defendant allegedly charged significantly more for its "Equate Migraine" product than it charged for its "Equate Extra Strength Headache Relief" product, even though the products contained the exact same active ingredients. *See id.* at 1166. The plaintiffs asserted that the price differential, along with the packaging of the products (the "Migraine" product had a red package, and the "Extra Strength" product had a green package), misled them into believing that the Migraine product was more effective. *Id.* at 1168-69. The court dismissed the plaintiff's FAL, CLRA, UCL, and New York General Business Law claims because (a) the pricing differences and colors were not a "statement" or "representation," and (b) California law does not require that identical products be priced identically. *Id.* at 1170, 1172, 1171-72.

Mendoza's theory here is quite different. Mendoza alleges the labels themselves—specifically, the "Children's" labeling and the illustrations—contain deceitful affirmative representations. *See* FAC ¶¶ 2–3. Mendoza does not contend that the price differential is the *source* of P&G's deception. *Boris* therefore does not control. *Accord Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1203 (C.D. Cal. 2021) (declining to dismiss deceptive advertising claims where packaging, and not just a price difference, was the source of the alleged deception).

---

[4] The Court finds P&G's arguments unpersuasive for an additional reason: unlike in, for example, *Youngblood v. CVS Pharmacy*, No. CV 22-06251-MCS (MRWx), 2021 WL 3700256 (C.D. Cal. Aug. 17, 2021), the FDA does not address whether antitussives and external analgesics for children must specifically denote that they are for children. In other words, "[t]here is no FDCA requirement 'on point,' so no preemption." *Slaten v. Christian Dior, Inc.*, No. 23-CV-00409-JSC, 2023 WL 3437827, at *2 (N.D. Cal. May 12, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 6 of 12 |

The Court **DENIES** P&G's MTD insofar as it asserts Mendoza's claims are based on differential pricing.

**C.     Reasonable Person Standard**

P&G next argues that all of Mendoza's claims fail because there is nothing misleading about the labeling of the Children's Products. *See* MTD at 21, 24. Instead, P&G contends, the labeling merely conveys that the products are *suitable* for children.

In evaluating misrepresentation claims under the UCL, FAL, and CLRA, courts look to whether a "reasonable consumer" is likely to be deceived. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). To satisfy the reasonable consumer test, a plaintiff must show "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by the product's packaging. *Ebner*, 838 F.3d at 965 (internal quotation marks and citation omitted). Such questions of fact are not usually appropriate for decision on a motion to dismiss, but dismissal may be appropriate where the packaging "itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams*, 552 F.3d at 938–39.

Mendoza's FAC identifies several aspects of the Children's Products' labels that she alleges mislead consumers: the word "Children's" in the product names; the label instructing "For children 2 years+"; illustrations of various objects, including a cat, sun, stars, moon, paper airplane, clouds, and flowers; and an image of a sleeping cartoon child. FAC ¶¶ 2, 28. These images are not present on the Standard Products, and Mendoza contends that they suggest that the product was specially formulated for children.[5]

Under California law, even technically correct labels can still be legally cognizable as "misleading." *See Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 510 (2003). For this reason, district courts often conclude that the same types of representations at issue in this case—specifically, the labeling of a product as "for children"—could be misleading to reasonable consumers. *See, e.g., DiGiacinto v. RB Health (US), LLC*, -- F. Supp. 3d --, 2023 WL 2918745, at *8 (N.D. Cal. Apr. 11, 2023); *McFall v. Perrigo Co.*, No. CV 20-7752-FLA (MRWx), 2021 WL 2327936, at *1, 5 (C.D. Cal. Apr. 15, 2021); *Burchfield*, 534 F. Supp. 3d at 1201; *Youngblood v. CVS Pharmacy*, No. CV 20-6251-MCS (MRWx), 2020 WL 8991698, at *4 (C.D. Cal. Oct. 15, 2020); *Elkies v. Johnson & Johnson Servs., Inc.*, No. CV 17-7320-GW (JEMx), 2018 WL 11328613, at *5 (C.D. Cal. Feb. 22, 2018). *DiGiacinto*, the most recent of those cases, is on point.

---

[5] Mendoza appears to concede that she alleges no completely false representations, and focuses her Opposition on the "misleading" aspect of the labeling. *See* Opp. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 7 of 12 |

In analyzing a similar set of factual allegations stating UCL, FAL, and CLRA claims, the court concluded that "the FAC plausibly alleges that the packaging of the children's product, which contains the word 'children' and a cartoon of a child but no express disclosure that the medicine in the bottle contains the same concentration of the active ingredient as the adult's product, could mislead a reasonable consumer into believing that the children's product is specially formulated for children." *DiGiacinto*, 2023 WL 2918745, at *8. *Accord Goodwin v. Walgreens, Co.*, No. CV 23-147-DMG (PDx), 2023 WL 4037175, at *1 (C.D. Cal. June 14, 2023) (reaching similar conclusion, relying on *DiGiacinto*). In this case, the Children's Products' labels have the same characteristics, and the same reasoning holds true. Although a consumer could plausibly understand the labeling to mean what P&G says it means, a reasonable consumer could also understand it to mean what Mendoza thought it meant. Therefore, Mendoza has alleged facts showing that a reasonable consumer could be deceived by the Children's Products' packaging.

The Court **DENIES** the MTD insofar as it is based on Mendoza's failure to show deception or to satisfy the reasonable consumer test.

**D.     Duty to Disclose**

P&G also asserts that Mendoza's claims fail to satisfy California law requirements for an omission claim. MTD at 26. To be actionable under the CLRA or the fraudulent prong of the UCL, an omitted fact must be either contrary to a material misrepresentation actually made by the defendant, or a material fact the defendant was obliged to disclose. *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1255 (2018); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006); *see also Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). Courts in the Ninth Circuit allow claims based on fraudulent omissions where the defendant, *inter alia*, "makes partial representations that are misleading because some other material fact had not been disclosed." *Hodsdon*, 891 F.3d at 863–64 (citation omitted); *see also LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (citations omitted).

Mendoza's claims also survive under this theory, for the same reasons stated above. Taking Mendoza's allegations as true, the omission of specific information—that the Children's Products were not specifically formulated for children—is material, especially given the higher price. In not disclosing that the Children's Products are identical to the Standard Products, a jury could find that P&G made "partial representations that are misleading because some other material fact has not been disclosed." *Hodsdon*, 891 F.3d at 862.

The Court therefore **DENIES** the MTD insofar as it is based on the argument that Mendoza failed to satisfy the requirements for a non-disclosure claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 8 of 12 |

### E.   Failure to Plead Reliance

P&G argues that the UCL, FAL, and CLRA claims should be dismissed for failure to adequately allege reliance. *See* MTD at 29 (citing *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 765 (C.D. Cal. 2022) (collecting cases holding that reliance is an element of standing under the UCL, FAL, and CLRA). But Mendoza alleges that "[b]ased on [the misleading] representations, Plaintiff believed that the Products were specially formulated or more suitable for children and bought it specifically for this reason." FAC ¶ 57. She further alleges that she would not have purchased the more expensive Children's Products over the less expensive Standard Products had she known they were identical. *Id.* at ¶ 59. This is sufficient, and the Court **DENIES** the MTD insofar as it is based on Mendoza's failure to plead reliance.

### F.   Failure to Allege Breach of Express or Implied Warranty

Under California law, a seller creates an express warranty by making "[a]ny affirmation of fact or promise . . . to the buyer which relates to the goods and becomes part of the basis of the bargain." Cal. Com. Code § 2313(1)(a); *see Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1228 (2010) ("[S]ection 2313 focuses on the *seller's* behavior and obligation—his or her affirmations, promises, and descriptions of the goods—all of which help define what the seller 'in essence' agreed to sell.").

Since Mendoza has stated a claim under the UCL, FAL, and CLRA, she has also stated a claim for breach of express warranty under California Commercial Code section 2313. *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1095 (N.D. Cal. 2017) (citation omitted). Courts also consider claims for breach of express and implied warranties to be coterminous when they are based "solely on whether the product in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product." *Id.* at 1096 (quoting *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)); *see also Hanson v. Welch Foods Inc.*, 470 F. Supp. 3d 1066, 1075–76 (N.D. Cal. 2020) (citing Cal. Com. Code § 2314(2)(f)). The Court therefore **DENIES** P&G's MTD as to Mendoza's breach of express and implied warranty claims.

### G.   Economic Loss Rule

P&G seeks to dismiss Mendoza's negligent and intentional fraudulent misrepresentation claims under the economic loss rule. MTD at 31–32. The economic loss rule precludes tort claims for purely economic damages that are recoverable under contract. *See S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978). "Broadly speaking, the economic loss doctrine is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 9 of 12 |

designed to maintain a distinction between damage remedies for breach of contract and for tort. The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property. The economic loss doctrine provides that certain economic losses are properly remediable only in contract." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007); *see also UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) ("The rule generally bars tort claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'") (quoting *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009)).

Fraud-based claims can be excluded from the reach of the economic loss rule, but only when the fraudulent conduct at issue is *independent* from the breach of a contractual promise. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004). For garden-variety fraud cases, the so-called "fraud exception" is "narrow in scope and limited to a defendant's affirmative representations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." *Id.* at 993. The elements of fraud under California law are "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (*i.e.*, to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Hernandez v. TLC of the Bay Area, Inc.*, 263 F. Supp. 3d 849, 853 (N.D. Cal. 2017) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). Fraudulent inducement is a "subset" of fraud that occurs in the context of contract formation, where a promisor's consent to enter into an agreement is induced by fraud. *Id.*; *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 992 (E.D. Cal. 2012) (listing the elements).

Mendoza alleges that P&G made "false and misleading statements and omissions" and she justifiably relied on those statements and omissions to purchase the Children's Products at a premium price. FAC ¶ 139. Mendoza's allegations address the statements on the labeling of the Children's Products and exist separate from any breach of the express or implied warranties regarding the "quality or character of the goods sold." *See Dhital*, 84 Cal. App. 5th at 842 (citations omitted). In other words, P&G's "conduct in fraudulently inducing" Mendoza to buy the Children's Products "is separate from [its] later breach of the contract or warranty provisions that were agreed to." *Id.* at 841 (citing *Anderson v. Ford Motor Co.*, 74 Cal. App. 5th 946, 966–67 (2022)). The affirmative misrepresentations Mendoza alleges could support a claim of fraudulent inducement at the pleadings stage. *See* FAC ¶¶ 1–4; *cf. Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1093 (S.D. Cal. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 10 of 12 |

Unlike for her fraud claim, however, she does not—and cannot—assert any non-economic damages under her negligent misrepresentation claim. *See* FAC ¶¶ 136–42; *Robinson Helicopter*, 34 Cal. 4th at 991–92.

The MTD is therefore **DENIED** with respect to Mendoza's common law fraud claim and **GRANTED** with respect to her negligent misrepresentation claim based on the economic loss rule. Since no amendment could cure this defect, the Court **DENIES** leave to amend on Mendoza's negligent misrepresentation claim.

**H.    Unjust Enrichment**

Mendoza asserts a cause of action for unjust enrichment. FAC ¶¶ 154–58. Unjust enrichment is not an independent cause of action under California law, but is treated as a quasi-contract claim for restitution. *See Astiana*, 783 F.3d at 762 ("When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution."); *see also ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) ("Unjust enrichment is not a cause of action. It is just a restitution claim.") (citation and internal quotation marks omitted). Quasi-contract claims require the plaintiff to show "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)). For the reasons discussed above, Mendoza has adequately pleaded that it would be unjust for P&G to retain the sums it obtained from her for the products she bought. The Court therefore **DENIES** the MTD with respect to the unjust enrichment claim.

**I.    Standing for VapoCream**

P&G argues that because Mendoza purchased only VapoRub and VapoPatch, FAC ¶ 53, she lacks standing to sue over VapoCream because she "has not been injured by false advertising on products she did not purchase." MTD at 32 (quoting *McCracken v. KSF Acquisition Corp.*, No. 5:22-CV-01666-SB(SHKx), 2022 WL 18932849, at *2 (C.D. Cal. Dec. 15, 2022)). Mendoza, on the other hand, contends that because the allegations regarding products she did purchase are substantially similar to those she did not, she has sufficiently pleaded standing. Opp. at 31.

There is no clear binding authority on whether plaintiffs have standing to sue for products they did not purchase. *See Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868–69 (N.D. Cal. 2012) (collecting cases). Some courts have found that standing is deficient at the pleading stage, while other courts treat it as a question of adequacy of representation relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 11 of 12 |

class certification. The consensus among federal courts is to examine the similarity of the products and allegations. *See Miller*, 912 F. Supp. 2d at 868–69. The majority of courts focus their inquiry on whether the products plaintiffs *did* purchase are "substantially similar" to those they did not. *Id.* at 86–89 (citing *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *6 (N.D. Cal. July 20, 2012). Products are "substantially similar" when they contain common ingredients or share alleged misrepresentations on the labels.

For example, in *Miller*, the plaintiff purchased Ghirardelli's "classic white" baking chips, then challenged Ghirardelli's marketing of the baking chips, as well as drink powders and confectionary wafers, as misleading because they did not actually contain white chocolate (or any chocolate). Because the drink powders and wafers were marketed as "white chocolate" and "white mocha," not "classic white," and because the products were all fairly different, the court ruled that the plaintiff lacked standing to sue over those products. On the other hand, the court noted that when alleged misrepresentations are sufficiently similar along product lines, "product composition is less important." *Miller*, 912 F. Supp. 2d at 869. In *Koh v. S.C. Johnson & Son, Inc.*, a plaintiff purchased a Windex brand glass cleaner containing a label suggesting the product was environmentally friendly. When challenging the identical label on the defendant's Shout brand stain remover, which the plaintiff had not purchased, the court allowed the Shout claim to proceed. No. C-09-00927 RMW, 2010 WL 94265, at *1–3 (N.D. Cal. Jan. 6, 2010). Here, VapoCream is part of P&G's line of Vapo products, and the Children's VapoCream contains the same alleged misrepresentations as the purchased products. *See* FAC ¶¶ 4–6. Like in *Astiana v. Dreyer's*, Mendoza challenges the same "kind" of products, "as well as the same labels" for those products. 2012 WL 2990766, at *13. The Court accepts as true the allegations showing that VapoCream is sufficiently similar to the products Mendoza did purchase.

Accordingly, the Court **DENIES** P&G's MTD insofar as it is based on Mendoza's lack of standing to assert claims relating to VapoCream.

**J.     Standing to Seek Equitable Relief**

P&G seeks dismissal of Mendoza's claims for equitable relief under the UCL, CLRA, and FAL, because her other claims provide her with an adequate remedy at law.

The Ninth Circuit has held that "[t]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). As such, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1382-DMG (JPRx) | Date | December 20, 2023 |
| Title | *Gabriela Mendoza v. The Procter and Gamble Company* | Page | 12 of 12 |

Mendoza does not allege that she lacks an adequate remedy at law for her past harm and, indeed, nearly all of her legal claims survive. Accordingly, the Court **GRANTS** P&G's request to dismiss Mendoza's claims for equitable restitution under the UCL, CLRA, and FAL.

On the other hand, Mendoza has adequately alleged standing to seek injunctive relief. P&G contends she lacks standing because she has learned that the Children's Products contain the same formulation as the Standard Products, and therefore can no longer claim to be unaware when purchasing future products. MTD at 33; *see also Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020) (discussing *Cty. of L.A. v. Lyons*, 461 U.S. 95 (1983)). The Ninth Circuit rejected the same argument in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (rejecting the argument that "the previously-deceived-but-now-enlightened plaintiff simply does not have standing under Article III to ask a federal court to grant an injunction."). The *Davidson* court held that a plaintiff has standing to seek injunctive relief in the case of false advertising or labeling, even though the consumer now knows of the falsity, because knowledge of the falsehoods in the past "does not equate to knowledge that it will remain false in the future." *Id.* at 969. Mendoza alleges that she "would like to, and would consider, purchasing the Products again . . . [but] will be unable to rely on the Products' advertising or labeling in the future, and so will not purchase the Products again although she would like to." FAC ¶¶ 67–68. This allegation satisfies *Davidson*. Moreover, damages for past harm are not an adequate remedy for future harm. Therefore, the Court **DENIES** the MTD as to Mendoza's standing for injunctive relief.

## IV.
## CONCLUSION

For the foregoing reasons, P&G's MTD is **GRANTED, without leave to amend,** as to the negligent misrepresentation claim, and the claims for equitable restitution under the UCL, CLRA, and FAL. The MTD is otherwise **DENIED**. P&G shall file its Answer by **January 10, 2024**. The requests for ruling [Doc. ## 39, 41] are **DENIED** as moot.

**IT IS SO ORDERED**.